IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-02481-LTB-BNB

WELLS FARGO BANK NA, as Trustee,

Plaintiff,

v.

THOMAS W. SMITH, and
PAMELA K. SMITH,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on the **Defendants' Verified Motion for Summary Judgment** [Doc. #38, filed 11/16/07] (the "Motion"). I respectfully RECOMMEND that the Motion be DENIED.

This case was commenced in the Summit County District Court as a foreclosure action by Wells Fargo against the Smiths on property located at 32 Burgundy Circle, Silverthorne, Colorado, 80498. <u>Notice of Removal</u> [Doc. #1], first attachment. On December 8, 2005, the Smiths filed a Notice of Removal asserting subject matter jurisdiction in this Court pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. 1332 (diversity jurisdiction). <u>Id.</u> at p. 2, ¶¶6, 7. On December 13, 2005, the Smiths filed an "Answer, Affirmative Defenses and Counterclaim" [Doc. #2] (the "Answer"). The Answer asserts seven counterclaims. <u>Id.</u>

The Smiths seek summary judgment on their counterclaims. Separately, I have recommended that this action be remanded to the Summit County District Court for lack of subject matter jurisdiction. Accordingly,

I respectfully RECOMMEND that the Defendants' Verified Motion for Summary Judgment be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated May 6, 2008.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge