IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-02481-LTB-BNB

WELLS FARGO BANK NA, as Trustee,

Plaintiff,

v.

THOMAS W. SMITH, and
PAMELA K. SMITH,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on **Plaintiff's Motion for Summary Judgment on Defendants' Counterclaims and for Remand to State Court** [Doc. #39] (the "Motion"). The defendants have not responded to the Motion.[1] I respectfully RECOMMEND that the Motion be GRANTED insofar as it seeks REMAND of this action to the Summit County District Court.

The plaintiffs are proceeding *pro se*, and I must liberally construe their pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Nevertheless, I cannot act as advocate for a *pro se* litigants, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The following facts are undisputed:

---

[1]The defendants filed "Defendants Verified Renewed Second Motion for Enlargement of Time to Respond to Plaintiff's Motion for Summary Judgment" [Doc. #65]. The motion was denied as untimely [Doc. #74].

1. The case was commenced in the Summit County District Court as a foreclosure action by Wells Fargo against the Smiths on property located at 32 Burgundy Circle, Silverthorne, Colorado, 80498. *Notice of Removal* [Doc. #1], first attachment.

2. On December 8, 2005, the Smiths filed a Notice of Removal asserting subject matter jurisdiction in this Court pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. 1332 (diversity jurisdiction). Id. at p. 2, ¶¶6, 7.

2. The Smiths are citizens of Colorado. Id. at ¶ 7.

3. On December 13, 2005, the Smiths filed an "Answer, Affirmative Defenses and Counterclaim" [Doc. #2] (the "Answer"). The Answer asserts seven counterclaims: (1) quiet title; (2) violations of the TILA; (3) violations of the FDCPA; (4) violations of RESPA; (5) Breach of Fiduciary Duty; (6) Declaratory Judgment; and (7) Unlawful Foreclosure.

The First Counterclaim alleges that Wells Fargo's "claims to any right, title or interest in the property are false and without merit." The Smiths seek a decree quieting title to the property. Id. at ¶¶ 39-43.

In their Second Counterclaim, the Smiths allege that Wells Fargo failed to make the disclosures required by TILA. They further allege that they timely rescinded the transaction. Id. at ¶¶ 44-51.

The Third Counterclaim alleges that Wells Fargo violated the FDCPA by failing to obtain verification and validation of the alleged debt after the Smiths timely disputed the debt. Id. at ¶¶ 52-56.

The Fourth Counterclaim alleges that, in violation of RESPA, Wells Fargo failed to respond to the Smiths' request for information on the status of the alleged default. Id. at ¶¶ 57-61.

In their Fifth Counterclaim, the Smiths allege that Wells Fargo failed to record a full release of lien in breach of their fiduciary duty. Id. at ¶¶ 62-64.

In their Sixth Counterclaim, the Smiths seek a declaration that they have no legal relationship with Wells Fargo and that Wells Fargo does not have a secured interest in the Silverthorne Property. Id. at ¶¶ 65-71.

The Seventh Counterclaim alleges that Wells Fargo is unlawfully foreclosing on the property. Id. at ¶ 72.

Wells Fargo seeks summary judgment on all of the Smiths' counterclaims on the basis that they are barred by the doctrine of claim preclusion. *Motion*, pp. 3-5. Wells Fargo requests that the remaining mortgage foreclosure action be remanded to the state court. Id. at pp. 5-6.

"Because federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent a showing of proof by the party asserting federal jurisdiction." U.S. ex rel. Grynberg v. Praxair, Inc., 389 F.3d 1038, 1048 (10th Cir. 2004). In addition, there is a presumption against jurisdiction in a case removed from state court. Martin v. Franklin Capital Corp., 251 F.3d 1284, 1289 (10th Cir. 2001).

The Smiths assert that federal question jurisdiction exists because "a foreclosure action is "an attempt to collect pursuant to the Fair Debt collection Practices Act; for other FDCPA violations; and for other reasons." *Notice of Removal*, p. 2, ¶ 6. Removal is permitted, however, only where the existence of a federal claim appears on the face of the well-pleaded complaint. Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 535 U.S. 826, 830 & n. 2 (2002).

This inquiry focuses on "what necessarily appears in the plaintiff's statement of his own claim," id., and does not involve consideration of defenses or counterclaims. Franchise Tax Board v. Construction Laborers Vacation Trust For Southern California, 463 U.S. 1, 9-11 (1983); Topeka Housing Authority v. Johnson, 404 F.3d 1245, 1247 (10th Cir. 2005).

The Smiths do not assert federal question jurisdiction on any basis other than their counterclaims. Accordingly, they have not met their burden to establish subject matter jurisdiction based on a federal question.

The Smiths assert that diversity jurisdiction exists because they are citizens of Colorado and Wells Fargo is a citizen of North Carolina. *Notice of Removal*, p. 2, ¶ 7. Under 28 U.S.C. § 1441(b), where the only basis for federal jurisdiction is diversity, removal is barred if any of the defendants are citizens of the state in which the action was originally brought. Since this action was brought in Colorado and the Smiths are citizens of Colorado, removal of this action on the basis of diversity jurisdiction is not proper.

The Smiths have not met their burden to establish the subject matter jurisdiction of this Court. Accordingly, I respectfully RECOMMEND that the Motion be GRANTED insofar as it seeks remand of this action to the state court. Because the Court does not have subject matter jurisdiction over the Smiths' counterclaims, I do not analyze whether they are barred by the doctrine of claim preclusion.

I respectfully RECOMMEND that Plaintiff's Motion for Summary Judgment on Defendants' Counterclaims and for Remand to State Court be GRANTED insofar as it seeks remand of this action to the Summit County District Court, and DENIED without prejudice in all other respects.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated May 6, 2008.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge